**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000352
22-JAN-2021
07:56 AM
Dkt. 78 SO**

NO. CAAP-18-0000352
(Consolidated with No. CAAP-18-0000353)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-18-0000352**
PO, Petitioner-Appellant-Appellant,
v.
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAIʻI, Appellee-Appellee,
and
JK, Respondent-Appellee-Appellee


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-AP NO. 17-1-0001)


and


**CAAP-18-0000353**
PO, Petitioner-Appellant-Appellant,
v.
CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAIʻI, Appellee-Appellee,
and
JK, Respondent-Appellee-Appellee


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-AP NO. 17-1-0002)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

In CAAP-18-0000352 self-represented Petitioner-
Appellant PO (**Father**) appeals from the "Order Affirming the
Administrative Findings and Order Filed on December 9, 2016"

entered by the Family Court of the Third Circuit[1] on March 23, 2018, in FC-AP No. 17-1-0001 (**Appeal No. 1**). In CAAP-18-0000353 Father appeals from the "Order Affirming the Administrative Findings and Order Filed on December 9, 2016" entered by the Family Court of the Third Circuit on March 23, 2018, in FC-AP No. 17-1-0002 (**Appeal No. 2**). We consolidated the appeals on March 21, 2019. For the reasons explained below, we affirm both orders.

## BACKGROUND

**Child** was born in 1992. Appellee JK (**Mother**) is Child's natural mother. Child's birth certificate identified someone other than Father as Child's father. Father believed that he was Child's natural father, and sought to correct Child's birth certificate. He went to the State of Hawaiʻi Child Support Enforcement Agency (**CSEA**) for assistance.

On July 28, 1994, Father submitted a CSEA Application Form. He identified himself as the "Absent Parent" and Mother as the "Custodial Parent[.]" The form stated:

> I understand that I, the applicant, if eligible, will be a recipient of services of the [CSEA], and that the deputies Attorney General and deputies Corporation Counsel who may be involved in my case represent the [CSEA], not me, in any child support matter.
>
> I understand that the [CSEA] may pursue . . . current child support, arrears, and modification of existing child support orders either administratively or through judicial process. I agree that the decision of how to proceed in my case is the [CSEA's], not mine.
>
> . . . .
>
> In signing this application for Child Support Enforcement Services, I declare under penalty of perjury that ~~I have physical custody of the following child(ren) for whom~~ services are sought: [blank]

(lined out text in original.) Father signed the application form.[2]

---

[1] The Honorable Dakota K.M. Frenz presided over both of the cases on appeal.

[2] Hawaii Revised Statutes (**HRS**) § 584-6(a) (Supp. 1992) authorizes "a man . . . alleging himself to be the natural father" of a child to "bring an action for the purpose of declaring the existence . . . of the father and
(continued...)

Mother denied that Father was Child's father. Father requested genetic testing for himself and for the person who Mother claimed was Child's father. On December 28, 1994, in State, Child Support Enf't Agency v. JK, FC-P No. 94-222 (**Paternity Action**), the family court entered an order for genetic testing. The order stated:

> 5.    That as Defendant [Father] has requested genetic testing, but is unable to pay for the entire cost at this time, the [CSEA], shall advance the entire cost of the genetic testing fees, to wit: $400.00.  Said amount of $400.00 shall be subject to reimbursement by Defendant [Father] at the rate of $25.00 monthly installments with the first installment due on December 7, 1994.  Defendant [Father] shall make said monthly payments of $25.00 in the form of a cashier's check, certified check or money order made payable and sent to the [CSEA.]

On January 31, 1996, the family court entered "Findings of Fact, Conclusions of Law and Judgment" (**Judgment of Paternity**) in the Paternity Action.  The family court concluded, based on genetic testing, that Father was Child's biological father.  The Judgment of Paternity ordered:

> 3.    That Defendant, [Father], who has a duty to support [Child], shall pay child support in the amount of $130.00 per month, by an Order for Income Assignment upon Defendant, [Father], obtaining employment, with the first payment commencing June 1995 and continuing until [Child] reaches eighteen (18) years of age, and so long thereafter, including summer months, as [Child] is pursuing a high school diploma or so long as [Child] continues [their] post-high school education on a full-time basis at an accredited college or university, or in a vocational or trade school, or until [Child] attains the age of 23 years whichever occurs first, unless [Child] thereto shall die, be adopted, become emancipated or self-supporting, or until further order of the Court;
>
> 4.    That all payments shall be made by cashier's check, certified check or money order made payable and sent to the [CSEA.]

According to Father, Mother and he agreed that Mother would not require Father to support Child, but Father was not to be involved in Child's life in any way.  Nevertheless, Father did not appeal any of the provisions of the Judgment of Paternity.

---

[2]    (...continued) child relationship[.]"

On December 9, 2016, CSEA filed findings and orders in two administrative proceedings based upon the order for genetic testing and the Judgment of Paternity. The order in FC-P No. 94-0222 stated, in relevant part:

> **GENETIC FEE TESTING FEES DEBT OWING TO STATE OF HAWAII:** $400.00 for the period December 7, 1994 through October 31, 2016 is owing to the State of Hawaii and JUDGMENT THEREFOR IS HEREBY ENTERED. Responsible Parent [Father] shall pay $25.00 per month until said debt is fully satisfied.
>
> **CHILD SUPPORT ARREARAGE OWING TO [JK]:** $2,870.00 for the period January 1, 2008 through December 31, 2009. In addition, a remaining balance of $0.00 is owing for the previously established arrearage.
>
> Total arrearage is $2,870.00 and JUDGMENT THEREFOR IS HEREBY ENTERED. This amount includes all monies received by CSEA as of October 31, 2016. Responsible Parent [Father] shall pay $50.00 per month until said arrearage is fully satisfied.
>
> **PAYMENT AMOUNT:** Payment for the obligation(s) addressed in this order shall be $75.00, per month commencing November 1, 2016.

The order in FC-APB No. 10-1-0016 stated, in relevant part:

> **CHILD SUPPORT ARREARAGE OWING TO [JK]:** $700.00 for the period January 1, 2010 through August 31, 2010. In addition, a remaining balance of $19,630.00 is owing for the previously established arrearage.
>
> Total arrearage is $20,330.00 and JUDGMENT THEREFOR IS HEREBY ENTERED. This amount includes all monies received by CSEA as of October 31, 2016[]. Responsible Parent [Father] shall pay $125.00 per month until said arrearage is fully satisfied.
>
> **PAYMENT AMOUNT:** Payment for the obligation(s) addressed in this order shall be $125.00, per month commencing November 1, 2016.

Father appealed to the family court from each of the administrative orders, creating Appeal No. 1 and Appeal No. 2. The family court heard consolidated arguments on February 23, 2018. On March 23, 2018, the family court entered orders affirming the administrative findings and orders in each of the appeals. These secondary appeals followed.

### DISCUSSION

Father contends that the family court: **(1)** erred by holding CSEA had authority to enforce the child support orders

without a request from Mother; **(2)** violated Rule 72(k) of the Hawaiʻi Family Court Rules (**HFCR**); and **(3)** erred by affirming the order requiring that Father pay for the genetic testing he requested, contrary to 45 C.F.R. § 303.5(e)(3)[3].

Our review of a family court decision on an appeal from an administrative agency determination is a secondary appeal; we must determine whether the family court was right or wrong in its decision, applying the standards set forth in Hawaii Revised Statutes (**HRS**) § 91-14(g) (Supp. 2017) to the agency's decision. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (reviewing circuit court agency appeal). HRS § 91-14, entitled "Judicial review of contested cases[,]" provides in relevant part:

> (g)   Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)   In violation of constitutional or statutory provisions;
>
> (2)   In excess of the statutory authority or jurisdiction of the agency;
>
> (3)   Made upon unlawful procedure;
>
> (4)   Affected by other error of law;
>
> (5)   Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)   Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

### 1.   CSEA was authorized to enforce the Judgment of Paternity.

Father contends that HRS Chapter 576E ("Administrative Process for Child Support Enforcement") did not authorize CSEA to enforce the Judgment of Paternity because Mother did not request

---

[3]   Father actually cites to 45 C.F.R. § 303.5(3), which does not exist. We construe his argument to be based upon 45 C.F.R. § 303.5(e)(3).

enforcement.  He refers to HRS Chapter 576E,[4] but his argument cites HRS § 576D-3(b)(3) (2006):

> **§ 576D-3 Obtaining or enforcing child support.**  (a) The [CSEA] <u>shall</u> undertake any legal or administrative action to secure support for a child <u>by enforcing an existing court order</u> or obtaining a court order of support.
>
>      (b)    To carry out its responsibilities imposed under this chapter, the [CSEA], through the offices of the corporation counsel, the county attorneys, or the attorney general, <u>may commence or appear</u> in any proceeding before any court or administrative agency for the purpose of establishing paternity for children born out of wedlock or for the purpose of obtaining, enforcing, or modifying an order of support on behalf of any dependent or any other person for whom the [CSEA] has a duty to obtain or enforce an order for support under this chapter.  The [CSEA] <u>may</u> commence or appear in any action <u>on its own behalf</u>, on behalf of any dependent child or custodial parent, or on behalf of any other person for whom the [CSEA] has a duty to obtain or enforce an order of support under this chapter. The [CSEA] shall obtain or enforce a child support order for the following children:
>
>      (1)    A child on whose behalf public assistance payments have been or are being made;
>
>      (2)    A child on whose behalf foster care payments have been or are being made under Title IV-E; or
>
>      (3)    Any other child, if a parent, guardian, or person having custody applies to the [CSEA] for assistance in obtaining or enforcing a child support order with respect to the child, regardless of whether public assistance payments have been made on the child's behalf.

(Underscoring added.)

     "The interpretation of a statute is a question of law which an appellate court reviews de novo." <u>Child Support Enf't Agency v. Doe</u>, 88 Hawaiʻi 159, 165, 963 P.2d 1135, 1141 (App. 1998) (cleaned up).  "When interpreting a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." <u>Id.</u> (cleaned up).

     The plain language of HRS § 576D-3 authorizes CSEA to take legal action to enforce court orders such as the Judgment of Paternity in this case.  As Father points out, HRS § 576D-3(b)(3) mandates that CSEA obtain and enforce child support orders upon

---

     [4]     We note that HRS § 576E-2 (2006) confers broad powers upon the attorney general which include the power to enforce the Judgment of Paternity in this case.

request of a custodial parent. But the statutory authorization is not limited to the situations described in HRS § 576D-3(b); HRS § 576D-3(b) authorizes CSEA to commence enforcement actions "on its own behalf." Cf. CSEA v. Doe, 88 Hawaiʻi at 167, 963 P.2d at 1143 (noting that CSEA was authorized to obtain child support order even where child was not in need of public assistance). CSEA was authorized to enforce the Judgment of Paternity.

### 2. The family court did not violate HFCR Rule 72(k).

Father contends that the family court violated HFCR Rule 72(k), which governs appeals to the family court. The rule provides, in relevant part:

> **(a) How taken.** Where a right of appeal to the family court is allowed by statute, any person or party allowed by statute may appeal from such decision, order or action by filing a notice of appeal in the family court having jurisdiction of the matter. . . .
>
> . . . .
>
> **(k) Judgment.** Upon determination of the appeal, the court having jurisdiction shall enter judgment. Such judgment shall be reviewable, or final, as may be provided by law. Promptly after final determination of the appeal in the family court the clerk of the court shall notify the parties and the governmental official or body concerned of the disposition of the appeal.

HFCR Rule 72 applied to Appeal No. 1 and Appeal No. 2, both of which were authorized by HRS § 576E-13.[5] Upon determination of the appeals, the family court entered an "Order Affirming the Administrative Findings and Order Filed on December 9, 2016" in each case. Although not titled "judgments," the orders finally determined all of the issues in the appeals and thus complied with HFCR Rule 72.

Father argues that the family court's orders "do[] not express any findings and conclusions as to why it affirms" CSEA's findings and orders in the two administrative proceedings. A

---

[5]    HRS § 576E-13 (2006) provides, in relevant part:

(a) Any party, including the [CSEA], who is aggrieved by a final decision and order in a contested case . . . is entitled to judicial review under [HRS] chapter 91.

family court reviewing an agency decision does not make its own findings or conclusions; it reviews the agency's findings and conclusions for error. In a secondary appeal we also review the <u>agency's</u> findings and conclusions, not those of the family court, to determine whether the family court was right or wrong in deciding the primary appeal. "An agency's conclusions of law are reviewed de novo, while an agency's factual findings are reviewed for clear error." <u>Del Monte Fresh Produce (Hawaii), Inc. v. International Longshore & Warehouse Union, Local 142</u>, 128 Hawaiʻi 289, 302, 287 P.3d 190, 203 (2012). "A court reviewing an agency's decision cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony[.]" <u>Sierra Club v. D.R. Horton-Schuler Homes, LLC</u>, 136 Hawaiʻi 505, 522, 364 P.3d 213, 230 (2015) (cleaned up). The family court's orders affirming CSEA's findings and orders did not violate HFCR Rule 72(k).

**3.   The family court did not err by affirming the order requiring that <u>Father pay genetic testing fees.</u>**

Father contends that the order requiring him to pay genetic testing fees is contrary to 45 C.F.R. § 303.5(e)(3). Title 45 of the Code of Federal Regulations provides, in relevant part:

> **§ 303.5 Establishment of paternity.**
>
> . . . .
>
> (e)(1) Except as provided in paragraph (e)(3) of this section, the [CSEA] may charge any individual who is not a recipient of aid under the State's title IV-A [Block Grants to States for Temporary Assistance for Needy Families] or XIX [Grants to States for Medical Assistance Programs] plan a reasonable fee for performing genetic tests.
>
> . . . .
>
> (3) If paternity is established and genetic tests were ordered by the [CSEA], the [CSEA] must pay the costs of such tests, subject to recoupment (if the [CSEA] elects) from the alleged father who denied paternity.

45 C.F.R. § 303.5 (2016). The statute allows CSEA to recover genetic testing costs from a natural father who denied paternity even if the father is a recipient of a federal block grant or medical assistance program. Father did not deny paternity. 45 C.F.R. § 303.5(e)(3) does not apply to Father.

Under 45 C.F.R. § 303.5(e)(1), CSEA was authorized to charge Father, as the party asserting paternity, for the genetic testing fees so long as Father was not a recipient of a federal block grant or medical assistance program. Father did not argue, before the agency or the family court, that he is a federal block grant or medical assistance program recipient. The family court did not err in affirming the agency order requiring that Father pay genetic testing fees. See also HRS § 576E-2(10) (authorizing CSEA to "[o]rder genetic testing . . . for the purpose of establishing paternity, with payment of costs to be made by the agency, subject to recoupment by the State from the father . . . if paternity is established . . . [.]")

## CONCLUSION

Based upon the foregoing, the family court's March 23, 2018 orders in Appeal No. 1 and Appeal No. 2 affirming the administrative findings and orders filed on December 9, 2016, are affirmed.

DATED: Honolulu, Hawai'i, January 22, 2021.

On the briefs:

PO,
Self-represented Plaintiff-
Appellant-Appellant.

Tracie M. Kobayashi,
Deputy Attorney General,
for Appellee-Appellee Child
Support Enforcement Agency,
State of Hawai'i.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge